IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ANTHONY HARDEMAN,
   Movant,

-vs-

UNITED STATES OF AMERICA,
   Respondent.

Cause No. A-10-CR-027-SS
A-16-CV-850-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Anthony Hardeman's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#64], Hardeman's Memorandum in Support [#65], the Government's Response [#70] in opposition, and Hardeman's Reply [#71] in support. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On January 19, 2010, Hardeman was charged in a one-count Indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). Mem. Supp. [#65] at 1. On March 29, 2010, Hardeman appeared before this Court and pleaded guilty to the Indictment. Rearraignment Hr'g Tr. [#56]. There is no plea agreement in this case. Mem. Supp. [#65] at 1. The Presentence Investigation Report (PSR) recommended Hardeman's statutory mandatory minimum sentence be calculated pursuant to the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e), on the basis of Hardeman's three prior convictions: two for robbery in violation of Texas Penal Code § 29.02 and one for delivery of a controlled substance. PSR ¶ 83;

Not. Intent Seek Enhancement Sentence [#17] at 1–2. On June 18, 2010, the Court sentenced Hardeman to 210 months' imprisonment followed by a 5-year term of supervised release. Sentencing Hr'g Tr. [#51]. Hardeman did not appeal his conviction or sentence. Mem. Supp. [#65] at 2.

On June 23, 2016, Hardeman filed the instant § 2255 motion[1] premised upon the Supreme Court's holding in *Johnson v. United States (Johnson II)*, 135 S. Ct. 2551 (2015), made retroactive by the Supreme Court's holding in *Welch v. United States*, 136 S. Ct. 1257 (2016). Hardeman argues he is entitled to a new sentence.

## Analysis

### I.  Section 2255—Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant

---

[1] Hardeman filed his first § 2255 motion on June 23, 2011, arguing the Government breached a purported plea agreement. *See* Mot. Vac. [#52]. This Court denied that motion. *See* Order of Sept. 26, 2011 [#58]. On June 23, 2016, the Fifth Circuit authorized Hardeman to filed this successive § 2255 motion. *See* Order of June 23, 2016 [#63].

2

who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II. Application

### A. Reconsideration of Hardeman's Armed Career Criminal Status

The ACCA provides that a person who possesses a gun in violation of § 922(g) and has three previous convictions for a "violent felony" or a "serious drug offense" faces a higher sentencing range than would otherwise apply. 18 U.S.C. § 924(e). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

   (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

   (ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

*Id.* § 924(e)(2)(B)(i)–(ii) (emphasis added). Clause (i) is known as the "elements clause." *Welch*, 136 S. Ct. at 1261. The italicized portion of clause (ii) is referred to as the "residual clause." In *Johnson II*, the Supreme Court held that the residual clause was "unconstitutionally vague." 135 S. Ct. at 2557. Imposing an enhanced sentence based on the residual clause, therefore, violates due process. *Id.* at 2556–57.

Under the elements clause, an offense constitutes a violent felony if it includes "as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The phrase "physical force," as used within the elements clause, means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States* (*Johnson I*), 559 U.S. 133, 140 (2010).

The parties agree Hardeman's two robbery convictions under § 29.02 of the Texas Penal Code no longer qualify as ACCA "violent felon[ies]" under the now-unconstitutional residual clause. Mem. Supp. [#65] at 1; Resp. [#70] at 3–4. But the parties disagree whether Hardeman's two robbery convictions qualify as ACCA "violent felon[ies]" under the elements clause. Mem. Supp. [#65][2] at 4; Reply [#71] at 2–6; Resp. [#70] at 4. If they do not, Hardeman's sentence was improperly enhanced.

In Texas, a person commits robbery "if, in the course of committing theft . . . and with the intent to obtain or maintain control of the property," he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE § 29.02(a)(1)–(2).

The Supreme Court and the Fifth Circuit have not addressed whether the Texas offense of robbery has "as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

The district courts in this circuit are split on this issue. For instance, the court in *United States v. Roman* concluded a robbery conviction based on § 29.02's "threat" element was a violent felony for purposes of the ACCA. *See* CR H-92-160, 2016 WL 7388388, at *3 (S.D. Tex. Dec. 20, 2016). The court reached the same conclusion in *United States v. Garza. See* 2:04-CR-269, 2017 WL 318861, at *3 (S.D. Tex. Jan. 23, 2017). More recently, Judge Rodriguez, held a "Defendant's robbery by assault conviction constituted a violent felony for purposes of § 924(e) because the Texas robbery statute has as an element the use, attempted use, or threatened use of physical force against the person of another." *Campbell v. United States*,

---

[2] Hardeman does not challenge the use of his conviction for delivery of a controlled substance as a "serious drug offense" in his ACCA enhancement.

SA-05-CR-141-XR, 2017 WL 1401337, at *3 (W.D. Tex. Apr. 19, 2017). However, at least one court has reached the opposite conclusion. *See United States v. Fennell*, 3:15-CR-443-L (01), 2016 WL 4491728, at *6 (N.D. Tex. Aug. 25, 2016), aff'd, 695 F. App'x 780 (5th Cir. 2017) ("Because the Texas offense of robbery is broad enough to entail even the slightest use of force that results in relatively minor physical contacts and injuries, and the degree or character of the physical force exerted is irrelevant, the court concludes that it covers conduct that does not involve the type of 'violent force' contemplated by the ACCA and § 924(e)(2)(B)(i)").

The Court finds Hardeman's two robbery convictions qualify as ACCA "violent felon[ies]" under the elements clause. The Fifth Circuit has yet to decide whether § 29.02 of the Texas Penal Code is an indivisible or divisible statute. If a statute is indivisible, the sentencing court must apply the "categorical approach" to focus solely on whether the elements of the crime of conviction include the use, attempted use, or threatened use of physical force against the person of another. *United States v. Lerma*, 877 F.3d 628, 631 (5th Cir. 2017). "When a statute is divisible, however, the sentencing court may use the 'modified categorical approach' to determine which elements played a part in the defendant's conviction." *Id.* The Court reaches the same conclusion on Hardeman's robbery convictions under both approaches.

Applying the modified categorical approach, it is clear Hardeman's robbery convictions involved the use of threat under § 29.02: "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE § 29.02(a)(2). Hardeman's 1983 robbery conviction involved "then and there by using and exhibiting a deadly weapon, to wit: a butcher knife, intentionally and knowingly threatening [the victim] in fear of imminent bodily injury." PSR ¶ 38. Hardeman's 1991 robbery conviction involved robbery of a convenience store while claiming to have a gun, and "intentionally and knowingly threatened and placed [the

5

victim] in fear of imminent bodily injury and death." PSR ¶ 47. Because Hardeman's robbery convictions involved threatening or placing another in fear of imminent bodily injury or death, these convictions have "as an element the use, attempted use, or threatened use of physical force against the person of another" to qualify as violent felonies under § 924(e)(2)(B)(i).

Applying the categorical approach, Texas robbery is a crime of violence because it requires the use or threatened use of force against another. *See United States v. Brown*, 437 F.3d 450, 452 (5th Cir. 2006) (finding Louisiana's similar robbery statute qualifies as a violent felony under the ACCA elements clause because "simple robbery is a crime of violence, and a crime of violence necessarily entails the use or threatened use of force.").

In sum, Hardeman's two robbery convictions qualify as ACCA "violent felon[ies]" under the ACCA elements clause.

## Conclusion

Having reviewed the relevant law, the Court finds Hardeman's challenge of his two Texas robbery convictions as violent felonies under § 924(e)(2)(B)(i) fails. Thus, Hardeman's sentence was properly enhanced under the ACCA.

Accordingly,

IT IS ORDERED that Movant Anthony Hardeman's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#64] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 7th day of February 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE

6